## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **APRIL D. HILL, individually and on behalf of all others similarly situated,** | **Civil Action No.** _5:16-cv-11507_ |
| **Plaintiff,** | |
| **v.** | |
| **EMPLOYEE RESOURCE GROUP, LLC, and WV NEIGHBORHOOD HOSPITALITY, LLC,** | |
| **Defendants.** | |

## COMPLAINT

### Introduction

1.      Plaintiff brings this collective action against Employee Resource Group, LLC and

WV Neighborhood Hospitality, Inc. for violations of the Fair Labor Standards Act of 1938, 29

U.S.C. § 201 *et seq.* ("FLSA").

2.      Defendants operate Applebee's restaurants in multiple states including West

Virginia, Virginia, Ohio, and Kentucky.

3.      Defendants have a policy of paying servers, bartenders, and hosts at its

Applebee's restaurants sub-minimum wage under the tip credit provisions of the FLSA.

4.      Under the FLSA tip credit provisions, an employer of tipped employees may pay

the employees less than the minimum hour wage and take a "tip credit" against its minimum

wage obligations, provided certain requirements are met. The amount of an employer's tip credit

may never exceed the amount of tips actually received by a tipped employee. In other words,

where an employee does not receive enough in tips to make up the difference between her wages

and the minimum wage, the employer must make up the difference.

5.      And an employer is also not permitted to take a tip credit against its minimum wage obligation when (a) it requires its tipped employees to perform non-tipped work that is unrelated to the employees' tipped occupation, *i.e.*, dual jobs; and (b) when it requires tipped employees to perform non-tipped work that although related to the employees' tipped occupation, exceeds 20 percent of the employees' time worked during a workweek.

6.      Defendants violated the minimum wage provisions of the FLSA by not paying Plaintiff at the minimum wage rate, from time to time, when Plaintiff's wages plus tips did not amount to minimum wage, and by taking the tip credit on those occasions.

7.      Defendants further violated the minimum wage provisions of the FLSA by not paying at the minimum wage rate when Plaintiff performed either non-tipped work unrelated to her tipped job duties (dual jobs) or non-tipped work that although related to Plaintiff's tipped occupation, exceeded 20 percent of her time worked during a workweek.

8.      Plaintiff seeks the actual wages owed to her and liquidated damages under the FLSA.

9.      Defendants are jointly and severally liable as a single enterprise under the FLSA.

10.     Plaintiff also brings a supplemental state law class action claim under the West Virginia Wage Payment and Collection Act, W. Va. Code § 21-5-1 *et seq.* ("WPCA"). Defendants violated the WPCA by failing to pay their former employees all wages owed within the time periods required by the WPCA. Plaintiff brings this action on her own behalf and on behalf of other employees of Defendants who resigned their employment and were not paid all wages owed within the period of time required by law. Plaintiff seeks liquidated damages under the WPCA.

2

## Jurisdiction and Venue

11.    Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the FLSA and by 28 U.S.C. § 1331, as this action arises under the laws of the United States. Jurisdiction over Plaintiff's claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

12.    Supplemental jurisdiction over Plaintiff's WPCA claim is conferred upon this Court by 28 U.S.C. § 1367(a) as these claims form part of the same case or controversy as Plaintiff's claims under the FLSA.

13.    This Court has personal jurisdiction because Defendants conduct business in the Southern District of West Virginia.

14.    Venue is proper in this District under 28 U.S.C. § 1391(b) because the claim arose in this judicial district.

## Parties

15.    Plaintiff April D. Hill is a resident of Raleigh County, West Virginia.

16.    Under 29 U.S.C. § 216(b), Plaintiff has given her written consent to become a plaintiff in this collective action, and that consent is attached hereto and marked as Exhibit A.

17.    Defendant Employee Resource Group, LLC ("ERG") is a foreign limited liability company organized under the laws of Florida.

18.    ERG has a principal place of business in Santa Rosa Beach, Florida.

19.    At all times relevant to the Complaint, ERG conducted business in Raleigh County, West Virginia.

20.    Defendant WV Neighborhood Hospitality, LLC ("Neighborhood Hospitality") is a foreign limited liability company organized under the laws of West Virginia.

21.    Neighborhood Hospitality has a principal place of business in Hazard, Kentucky.

3

22.     At all times relevant to the Complaint, Neighborhood Hospitality conducted business in Raleigh County, West Virginia.

23.     Defendants ERG and Neighborhood Hospitality (and potential unknown entities) are and, at all times material hereto, have been a single "enterprise," within the meaning of the FLSA, 29 U.S.C. § 203(r), and a single "enterprise engaged in commerce or in production of goods for commerce," within the meaning of 29 U.S.C. § 203(s).

24.     Defendants ERG and Neighborhood Hospitality are and, at all times material hereto, have been Plaintiff's employer for purposes of the FLSA and the WPCA.

## Facts

25.     Defendant Neighborhood Hospitality is a corporate entity doing business as Applebee's Neighborhood Bar & Grill in Beckley, West Virginia (Beckley Applebee's). It holds the license for the consumption of alcohol at Beckley Applebee's, and it serves food and beverages to patrons.

26.     Upon information and belief, Defendant Neighborhood Hospitality is run by Manager Theresa A. Johnson. Ms. Johnson runs or otherwise exerts influence over at least one other corporate entity, Defendant ERG, as a member and its organizer.

27.     At all times relevant, Defendant ERG has issued paychecks to Beckley Applebee's employees.

28.     On information and belief, the business operations of both Defendant Neighborhood Hospitality and Defendant ERG involve common management, share at least one or more employees serving both business operations, and share office space.

4

29.     Neighborhood Hospitality's designated office address with the West Virginia Secretary of State is Employee Resource Group, LLC, 601 Main Street, Suite 102, Hazard, Kentucky.

30.     On information and belief, Defendant ERG employs workers at other Applebee's restaurants in at least four states, Kentucky, Ohio, Virginia and West Virginia.

31.     Plaintiff worked as a host at Beckley Applebee's from September 2014 until she resigned on December 27, 2014.

32.     Plaintiff was not exempt from the FLSA's minimum wage requirements.

33.     As a host, Plaintiff was treated by Defendants as a tipped employee.

34.     Defendants paid Plaintiff wages at the rate of $4.25 per hour, and took a tip credit of $3.00 per hour.

35.     Before using the tip credit, Defendants failed to inform Plaintiff and other similarly situated tipped employees of the tip credit provisions of the FLSA.

36.     During Plaintiff's tenure, both the federal and state statutory minimum wage rates were $7.25 per hour. Plaintiff was paid less than the minimum wage rate in at least one or more statutory workweeks.

37.     On information and belief, Defendants employed a system of paying tipped employees less than minimum wage, that included but was not limited to, overstating tips and inflating reported tips.

38.     As a result, Defendants claimed tip credits in excess of the amount of tips Plaintiff and similarly situated tipped employees actually received.

39.     Defendants also scheduled Plaintiff to report to work before the restaurant was open for service. Plaintiff reported to work one and a half to two hours before opening and

5

performed non-tipped duties such as cleaning restrooms and picking up trash from the parking lot. Plaintiff worked a substantial amount of time each week performing non-tipped duties.

40.    Defendants failed to pay Plaintiff at the minimum wage rate of $7.25 per hour for the substantial amount of time she worked each week performing non-tipped duties. Instead, Defendants paid Plaintiff $4.25 per hour for the non-tipped duties she performed and took a $3.00 per hour tip credit.

41.    Alternatively, Defendants failed to pay Plaintiff at the minimum wage rate of $7.25 per hour for the time she spent performing non-tipped job duties unrelated to her tipped occupation. Defendants paid Plaintiff $4.25 per hour for the non-tipped duties she performed and took a $3.00 per hour tip credit.

42.    Defendants violated Plaintiff's right to be paid the full minimum wage of $7.25 per hour.

43.    When Plaintiff resigned her employment with Defendants, Defendants owed her additional wages for (a) the weeks when her hourly wages plus tips did not average out to the statutory minimum wage of $7.25 per hour; (b) the substantial amount of time she worked each week performing non-tipped duties, but was paid a wage of $4.25 per hour; and/or (c) the time she spent performing non-tipped job duties unrelated to her tipped occupation, but was paid a wage of $4.25 per hour.

44.    Defendant did not timely pay Plaintiff all wages owed to her after she resigned her employment.

### FLSA Collective Action Allegations

45.    The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

46.     Plaintiff brings this FLSA collective action on her own behalf and on behalf of all other similarly situated individuals pursuant to 29 U.S.C. §§ 207 and 216(b). The classes are presently defined as:

(a)     All persons employed by Defendants within the three years preceding the filing of this Complaint who worked as tipped employees and whose wages plus actual tips received did not add up to minimum wage in at least one or more statutory workweeks (the "Insufficient Tip Credit Class").

(b)     All persons employed by Defendants within the three years preceding the filing of this Complaint who worked as tipped employees and (a) were required to perform non-tipped duties that were unrelated to their tipped occupation and were paid less that minimum wage for such work; or (b) worked a substantial amount of time (in excess of 20 percent) each week performing non-tipped duties related to their tipped occupation and were paid less than minimum wage for time spent performing such work (the "Dual Jobs Class").

47.     Plaintiff reserves the right to refine the class definitions in light of discovery and additional investigation.

48.     Defendants have engaged in a continuing violation of the FLSA and have violated Plaintiff's right, and the rights of the individuals she seeks to represent, to minimum wage.

49.     This violation was intended by Defendants and was willfully done.

50.     Defendants' actions in violating Plaintiff's rights, and the rights of the individuals she seeks to represent, to be paid minimum wage, have been intentional and constitute a willful violation of the FLSA.

## Class Action Allegations
## West Virginia Class

51.     The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

52.     Plaintiff brings this action on her own behalf and on behalf of all other similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class is presently defined as:

> All persons formerly employed by Defendants in West Virginia at any time five years prior to the filing of this Complaint through class certification who resigned their employment with Defendants and were not paid all wages owed within the time(s) mandated by the Wage Payment and Collection Act (the "WPCA Class").

53.     Plaintiff reserves the right to refine the class definition in light of discovery and additional investigation.

54.     The putative class is so numerous that joinder of all members is impractical.

55.     There are questions of law and fact common to the putative class, which predominate over any questions affecting only individual class members, including, but not limited to:

a.     whether Defendants violated the FLSA by taking a tip credit during weeks when Plaintiff's and the class members' hourly wages plus tips did not add up to minimum wage;

b.     whether Defendants violated the FLSA by taking a tip credit for the substantial number of hours Plaintiff and the class members worked performing non-tipped job duties;

c.     whether Defendants violated the FLSA by taking a tip credit for the hours Plaintiff worked performing non-tipped job duties unrelated to her tipped occupation;

d.     whether Defendants violated FLSA by failing to give notice of the tip credit provisions of FLSA;

e.      whether Defendants failed to pay Plaintiff and the class members all wages owed to them;

f.      whether Plaintiff and class members are entitled to liquidated damages under the WPCA; and

g.      whether Defendants should be enjoined from engaging in such conduct in the future.

56.    Plaintiff's claim is typical of those of the putative class and her claim is based on the same legal and factual theories.

57.    Plaintiff will fairly and adequately protect the interests of the class.

58.    A class action is a superior method for the fair and efficient adjudication of this particular claim and controversy.

59.    The interest of putative class members in individually controlling and maintaining the prosecution of separate claims against Defendants is small given the fact that they are unlikely to be aware of their legal rights and the amount of actual damages they are entitled to receive.

60.    The management of this class claim is likely to present no particular difficulties.

**Count I**
**FLSA Minimum Wage Violation**
**(Collective Action Claim – On Behalf Of The Insufficient Tip Credit Class)**

61.    The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

62.    At all relevant times, Defendants have been an employer engaged in interstate commerce consistent with 29 U.S.C. §§ 206(a) and 207(a).

63.     At all relevant times, Defendants employed the Plaintiff and each member of the collective action class consistent with the terms of the FLSA.

64.     At all relevant times, each Defendant has had annual gross revenues in excess of $500,000.

65.     As a result of Defendants' employment practices including, but not limited to, overstating tips or inflating the reported tips of its tipped employees and such employees' hourly wages plus actual tips did not equal the statutory minimum wage rate for at least one or more statutory workweeks, Plaintiff's right, and the rights of the individuals she seeks to represent, to minimum wage have been violated.

66.     Defendants are not entitled to take a tip credit on the hourly wages of employees during any statutory workweek in which those employees' hourly wages plus tips do not add up to minimum wage.

67.     Defendants are not entitled to take a tip credit if they have not first informed Plaintiff and other similarly situated employees of the FLSA tip credit provisions.

68.     Plaintiff and other tipped employees were employees of Defendants within the meaning of the FLSA and as such, were entitled to the minimum wage.

69.     Plaintiff and other tipped employees were not exempt from the minimum wage provisions of the FLSA.

70.     Defendants failed to pay Plaintiff and other tipped employees minimum wage under the FLSA from time to time when their wages plus tips did not add up to minimum wage.

71.     Defendants' violations of the FLSA were willful because they knew, or had reason to know, that the policies or practices challenged in this lawsuit violated the FLSA.

10

## Count II
## FLSA Minimum Wage Violation
### (Collective Action Claim – On Behalf Of The Dual Jobs Class)

72.     The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

73.     At all relevant times, Defendants have been an employer engaged in interstate commerce consistent with 29 U.S.C. §§ 206(a) and 207(a).

74.     At all relevant times, Defendants employed the Plaintiff and each member of the collective action class consistent with the terms of the FLSA.

75.     At all relevant times, each Defendant has had annual gross revenues in excess of $500,000.

76.     As a result of Defendants' employment practices whereby Defendants paid tipped employees less than minimum wage for non-tipped duties unrelated to their tipped occupation, Plaintiff's right, and the rights of the individuals she seeks to represent, to minimum wage have been violated. Even if related to employees' tipped occupations, Plaintiff and similarly situated employees spent a substantial amount of time each week (in excess of 20 percent) performing non-tipped duties, and Plaintiff's right, and the rights of the individuals she seeks to represent, to minimum wage have been violated.

77.     Where employees perform non-tipped duties unrelated to their tipped occupation or for a substantial amount of time each week (in excess of 20 percent), Defendants are not entitled to take a tip credit for the time such employees perform non-tipped duties.

78.     Defendants are not entitled to take a tip credit if they have not first informed employees of the FLSA tip credit provisions.

11

79.     Plaintiff and other tipped employees were employees of Defendants within the meaning of the FLSA and as such, were entitled to the minimum wage.

80.     Plaintiff and other tipped employees were not exempt from the minimum wage provisions of the FLSA.

81.     Defendants failed to pay Plaintiff and other tipped employees minimum wage under the FLSA when they performed non-tipped duties unrelated to their tipped occupation or if related to their tipped occupation, when they performed non-tipped duties for a substantial amount of time each week (in excess of 20 percent).

82.     Defendants' violations of the FLSA were willful because they knew, or had reason to know, that the policies or practices challenged in this lawsuit violated the FLSA.

**Count III**
**Violation of West Virginia Wage Payment and Collection Act**
**For Failure To Pay All Wages Owed**
**(On Behalf Of The Plaintiff Individually and the WPCA Class)**

83.     The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

84.     Defendants failed to timely pay Plaintiff and other similarly-situated WPCA Class members all wages owed to them within the time periods mandated by the WPCA for employees pursuant to W. Va. Code § 21-5-4(b).

85.     Defendants' actions violated the WPCA, entitling Plaintiff and other similarly-situated class members to the wages due to them, double or treble damages, and attorneys' fees and costs pursuant to W. Va. Code § 21-5-1, *et seq.*

**Relief Sought**

WHEREFORE, Plaintiff seeks the following relief on her own behalf and on behalf of class members:

a.    an Order designating this action as a collective action and directing the issuance of notice under 29 U.S.C. § 216(b);

b.    an Order requiring Defendants to pay Plaintiff and class members all unpaid minimum wage payments as determined by the Court to be due and owing under the FLSA as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments;

c.    a Declaration that Defendants violated the FLSA;

d.    certification of the WPCA class proposed above under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

e.    an Order requiring Defendants to pay Plaintiff and class members an amount equal to double or triple the amount of minimum wage payments owed as Plaintiff and the class members are entitled to liquidated damages under the WPCA;

f.    an award of attorneys' fees and costs;

g.    an Order enjoining Defendants from engaging in such conduct in the future;

h.    pre- and post-judgment interest; and

i.    any additional relief that the Court deems just and appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

Plaintiff,
By Counsel.

13

*/s/Sandra Henson Kinney*
Sandra Henson Kinney (WVSB #6329)
**BAILEY & GLASSER LLP**
209 Capitol Street
Charleston, WV 25301
T: (304) 345-6555
F: (304) 342-1110 facsimile
skinney@baileyglasser.com