IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

APRIL D. HILL,

          Plaintiff,

v.                                CIVIL ACTION NO.  5:16-cv-11507

EMPLOYEE RESOURCE GROUP, LLC, and
WV NEIGHBORHOOD HOSPITALITY, LLC,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant's Motion to Dismiss Plaintiff's Claim for Violation of West Virginia Wage Payment and Collection Act* (Document 21), the *Memorandum of Law in Support* (Document 22), and the Plaintiff's *Response in Opposition to Defendants' Motion to Dismiss Plaintiff's Wage Payment and Collection Act Claim* (Document 25). In addition, the Court has reviewed the Plaintiff's *Second Amended Complaint* (Document 17) and the Plaintiff's *Third Amended Complaint* (Document 49). Because the third amended complaint did not alter the allegations relevant to the motion to dismiss, the Court will consider the motion under the facts alleged therein.

**FACTUAL ALLEGATIONS**

The Plaintiff, April Hill, brought this purported class action against Defendants Employee Resource Group, LLC (ERG), WV Neighborhood Hospitality, LLC (WVNH), and Neighborhood Hospitality, Inc. (NHI). She alleges that the Defendants are all involved in operating and/or

supplying employees for Applebee's franchises in the region. Ms. Hill worked as a host at Applebee's in Beckley, West Virginia, from September 2014 until December 27, 2014. She was paid $4.25 per hour, and the Defendants took a tip credit of $3.00 per hour. Ms. Hill alleges that the Defendants did not inform tipped employees of the tip credit provisions of the FLSA. The Defendants paid Ms. Hill and others less than the minimum wage of $7.25 per hour during at least one workweek. The Defendants overstated tips in order to claim a larger tip credit. They also scheduled employees to perform substantial non-tipped duties, and did not pay minimum wage for the substantial hours spent on such tasks.

In addition, Ms. Hill alleges that the Defendants failed "to pay their former employees all wages owed within the time periods required by the [West Virginia Wage Payment and Collection Act]" following the severance of the employment relationship. (Third Am. Compl. at ¶ 10.) Ms. Hill resigned on December 27, 2014. Her next scheduled payday was December 30, 2014. The "Defendants did not pay Plaintiff her final wages until January 13, 2015." (*Id.* at ¶ 49.)

Ms. Hill asserts the following claims, each on behalf of separately defined proposed classes: Count One – FLSA [Fair Labor Standards Act) Minimum Wage Violation (insufficient tip credit); Count Two – FLSA Minimum Wage Violation (dual jobs); Count Three – Violation of West Virginia Wage Payment and Collection Act for Failure to Pay All Wages Owed.

**STANDARD OF REVIEW**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009);

*Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).[1] "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)" *Id*. Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court must "accept as true all of the factual allegations contained in the complaint." *Erikson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Furthermore, the Court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice… [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678

---

1 The same standard is applicable to a motion for judgment on the pleadings pursuant to Rule 12(c), as appropriate for motions filed after an answer has been submitted. *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014).

(quoting *Twombly,* 550 U.S. at 570.) In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570.) In the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557.) "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Defendants move to dismiss the WPCA claims contained in Count Three of the Plaintiff's third amended complaint. They argue that the Plaintiff "complains about the amount she was paid" and not "about the timing or manner in which she was paid." (Def.'s Mem. at 2.) The Plaintiff argues that her factual allegations regarding the timing of her final paycheck supports her WPCA claims.

The Court finds that the Plaintiff has properly asserted a WPCA claim. The version of the WPCA in effect at the time of the Plaintiff's resignation provides that "[w]henever an employee quits or resigns, the person, firm or corporation shall pay the employee's wages in full no later than the next regular payday." W.Va. Code § 21-5-4(c) (2013). Ms. Hill alleges that the Defendants did not pay her final wages until approximately two weeks after the regular payday following her resignation. Thus, she has stated a WPCA claim, and the Defendants' motion to dismiss should be denied.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant's Motion to Dismiss Plaintiff's Claim for Violation of West Virginia Wage Payment and Collection Act* (Document 21) be **DENIED**. The Court further **ORDERS** that the *Defendants' Motion to Dismiss Plaintiff's Claim for Violation of West Virginia Wage Payment and Collection Act* (Document 6), asserting the same arguments with respect to a previous version of the complaint, be **TERMINATED AS MOOT.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: June 29, 2017

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA